UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAKALANI HAMADI DANIELS,

    Petitioner,

v.

JEFFREY HOWARD,

    Respondent.

Case No. 24-13452
Honorable Laurie J. Michelson

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [1]

In December 2024, Makalani Hamadi Daniels, currently confined at the Cooper Street Correctional Facility in Jackson, Michigan, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) He challenges both his 2015 conviction for kidnapping and first-degree criminal sexual conduct, and his 2016 conviction for kidnapping and first-degree criminal sexual conduct, both out of out of the Wayne County Circuit Court. (*Id.*)

In response, the Warden argues, among other things, that Daniels' petition was not filed in accordance with the statute of limitations and should be dismissed. (ECF No. 8.) The Court agrees. For the reasons stated below, the petition for a writ of habeas corpus is DENIED.

### I.

On August 11, 2015, Daniels was convicted after a bench trial in the Wayne County Circuit Court of kidnapping and first-degree criminal sexual conduct. (ECF

No. 9-1 (Docket Sheet from Case No. 14-005154-FC).) He was sentenced to concurrent sentences of 15–40 years' incarceration. (*Id.*) That conviction was affirmed on direct appeal by the Michigan Court of Appeals. *People v. Daniels*, No. 325198, 2016 WL 1533555 (Mich. Ct. App. Apr. 14, 2016). Daniels did not seek leave to appeal this conviction with the Michigan Supreme Court (ECF No. 9-23), nor did he seek any other post-conviction relief in the state courts. (*See* ECF No. 9-1.)

On March 22, 2016, Daniels pled guilty in another Wayne County Circuit Court case to kidnapping and three counts of first-degree criminal sexual conduct (ECF No. 9-2 (Docket Sheet from Case No. 14-007937-FC).) In that matter, Daniels was sentenced to concurrent prison sentences of 171–427 months on each count, to be served at the same time as his 2015 sentence. (*Id.*) His conviction and sentence were affirmed on direct appeal by the Michigan Court of Appeals. *People v. Daniels*, No. 334964 (Mich. Ct. App. Dec. 5, 2016) (ECF No. 9-20, PageID.1291.) And Daniels again did not seek leave to appeal with the Michigan Supreme Court. (ECF No. 9-23.)

But unlike his 2015 conviction, Daniels did file a motion for relief from judgment in the 2016 case. (ECF No. 9-2, PageID.234.) The trial court denied the motion, the Michigan Court of Appeals denied leave to appeal, and on September 30, 2024, the Michigan Supreme Court denied Daniels leave to appeal the denial of his post-conviction motion. *People v. Daniels*, 11 N.W.3d 495 (Mich. 2024). This ended Daniels' pursuit of post-conviction relief in state court for his 2016 conviction.

Not long after, Daniels filed a habeas petition in this Court, signed and dated December 9, 2024.[1]

## II.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on petitions for habeas relief. 28 U.S.C. § 2244(d). For each conviction, it begins running "from the latest of" four dates; in this case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).

 "A habeas petition filed outside of the identified time periods generally must be dismissed." *Tomaszycki v. Miniard*, 22-11218, 2025 U.S. Dist. LEXIS 105196, *5 (E.D. Mich. June 3, 2025) (citing *Isham v. Randle*, 226 F.3d 691, 694–95 (6th Cir. 2000)). So although AEDPA's one-year limitations period is not jurisdictional, it "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *see also Cooey v. Strickland*, 479 F.3d 412, 415–16 (6th Cir. 2007); *Elliott v. Mazza*, No. 18-6106, 2019 WL 1810920, at * 1–2 (6th Cir. Jan. 8, 2019) (concluding district court properly dismissed habeas petition on statute-of-limitations grounds).

---

[1] Under the prison mailbox rule, this Court assumes that petitioner actually filed his habeas petition on December 9, 2024, the date that it was signed and dated. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

**A.**

To determine whether Daniels filed this petition within AEDPA's statute of limitations period, the Court must first determine when his convictions became "final." Where a habeas petitioner does not pursue direct review of his conviction by the United States Supreme Court, the judgment becomes final "when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Tomaszycki*, 2025 U.S. Dist. LEXIS 105196, *5 (citing *Giles v. Beckstrom*, 826 F.3d 321, 323 (6th Cir. 2016)).

When a habeas petitioner appeals to the Michigan Supreme Court but does not petition the United States Supreme Court for a writ of certiorari, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires. (*Id.*) That is, the day after the petition for a writ of certiorari was due in the United States Supreme Court is when the clock starts the one-year statute of limitations. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *see also Banks v. Ferguson*, No. 22-00045, 2023 U.S. Dist. LEXIS 242349, at *4 (W.D. Ky. Apr. 25, 2023) ("Rule 13(1) of the Rules of the Supreme Court of the United States indicates that a petition for writ of certiorari to review a state court judgment 'is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.'").

But when the petitioner "does not seek review [on direct appeal] in a State's highest court"—as is the case for both of Daniels' convictions—"the judgment becomes 'final' on the date that the time for seeking such review expires." *See Gonzalez v.*

4

*Thaler*, 565 U.S. 134, 137, 150 (2012). That is, the additional ninety days for petitioning the United States Supreme Court is not taken into account. (*Id.*)

The Michigan Court of Appeals affirmed Daniels' first conviction on April 14, 2016, and did the same in the second case on December 5, 2016. Daniels did not seek leave to appeal in the Michigan Supreme Court in either case. So this Court does not consider when Daniels' time to file a writ of certiorari to the U.S. Supreme Court expired, but only when his time to file an appeal in the Michigan Supreme Court expired. (*Id.*)

**B.**

Under Michigan Court Rule 7.305(C)(2)(a), Daniels had fifty-six days to file an appeal in the Michigan Supreme Court. The expiration of the fifty-six days represents the expiration of his time for seeking direct review of conviction and thus is the date that triggers AEDPA's one-year statute of limitations. *Gonzalez*, 565 U.S. at 150; *see Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002) (finding, where petitioner did not seek leave to appeal in Michigan Supreme Court, that his conviction became final upon expiration of his time to seek leave); *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (same).

Applied here, Daniels' first conviction became final for purposes of § 2244(d)(1)(A), on June 9, 2016. Under AEDPA, he had one year from that date—until June 9, 2017—to file a timely habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A). But his petition was filed over seven years later, on December 9, 2024. (ECF No. 1.) So the current petition is untimely as to Daniels' first conviction.

5

Daniels' second conviction fares no better. His time to seek leave to appeal this conviction to the Michigan Supreme Court was January 30, 2017. Mich. Ct. R. 7.305(C)(2)(a). Again, Daniels was required to file his petition for writ of habeas corpus with respect to this case one year later—by January 30, 2018. *See* 28 U.S.C. § 2244(d)(1)(A). But Daniels' December 2024 petition was also well past this date. So the petition is also untimely as to Daniels' second conviction.

True, Daniels sought collateral review of this second conviction, filing a post-conviction motion in the state court on March 28, 2022. And typically, collateral review in state court tolls a petitioner's time to file a habeas petition under ADEPA. *Borns v. Chrisman*, 167 F.4th 335, 343 (6th Cir. 2026). But when Daniels filed his post-conviction motion in state court, his ADEPA statute of limitations had already expired. Indeed, his March 28, 2022, collateral petition was filed over *four years* after his AEDPA filing deadline. And a state court post-conviction motion filed *after* the AEDPA limitations period expired does not toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period left to be tolled. *See, e.g.*, *McMillan v. Woods*, No. 12-1114, 2012 U.S. App. LEXIS 27379, at *2 (6th Cir. May 7, 2012) (noting that an application for collateral review in state court only tolls the AEDPA statute of limitations if filed before that statute of limitations expires) (citing *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003)).

So the current petition is untimely with respect to both convictions.

## C.

Finding Daniels' petition untimely, the Court next considers whether he is entitled to any equitable tolling.

AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). This is a narrow field. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" preventing the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. at 418).  The petitioner bears the burden of showing he is entitled to equitable tolling. *Schlup v. Delo*, 513 U.S. 298 (1995). Daniels fails because he makes no argument that equitable tolling is appropriate here. In fact, he does not even address the untimeliness of his petition. (ECF No. 1.)

But that does not end the analysis. A habeas petitioner can also obtain equitable tolling upon a credible showing of actual innocence. *Schlup*, 513 U.S. at 298. But the Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare" and that a petitioner cannot meet this standard "unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup*, 513 U.S. at 329). And the new evidence must be "reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The Sixth Circuit has observed that "the doctrine of equitable

tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

Daniels also makes no argument that the statute of limitations should be tolled based on his actual innocence. Indeed, he presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005).

So Daniels has not met his burden to show that equitable tolling is warranted. *See Giles v. Wolfenbarger*, 239 F. App'x 145, 147 (6th Cir. 2007). His petition's untimeliness is therefore not remedied by the doctrine of equitable tolling and must be dismissed.

### III.

For the foregoing reasons, the Court DENIES WITH PREJUDICE Daniels' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2244(d)(1).

A separate order will enter denying a certificate of appealability.

Dated: April 20, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE